### T. MORIARTY v. UNITED STATES FIRE INSURANCE COMPANY.

Delivered November 12, 1898.

**1. Fire Insurance Policy—Forfeiture by Mortgage of the Property.**

Where a safe incumbered by a chattel mortgage was purchased subsequent to the issuance of an insurance policy on saloon fixtures, this did not violate a condition of the policy that in case the insured personalty be mortgaged it should work a forfeiture of the policy, as the safe was not covered by the policy upon the specified personalty, "and such other furniture and fixtures as is usual to saloons."

**2. Same—Waiver of Forfeiture—Charge of Court.**

A special charge that a transfer of the insured personalty without the knowledge or consent of the company's agent would avoid the policy, erroneous because the issue was whether or not the adjuster had waived the forfeiture, is not cured by an instruction on the question of waiver given in the main charge.

**3. Same—Charge of Waiver.**

An instruction that if, by conducting a gambling establishment on the insured premises, the hazard was increased, the policy would be forfeited in accordance with its terms, in the absence of waiver, is not erroneous for failure to specify what acts were necessary to constitute a waiver.

APPEAL from Johnson. Tried below before Hon. J. M. HALL.

*Plummer & Taylor* and *Poindexter & Padelford,* for appellant.

*Thompson & Wood,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover on an insurance policy insuring T. Moriarty against loss from fire, which policy covered the following property: His bar fixtures, bar counters, shelving, glassware, paintings, screens, work, and such other furniture and fixtures as is usual to saloons, all the while contained in a certain house described in it, situated in Cleburne, Texas.

Appellee company answered specially, claiming a forfeiture of the policy by the violation of various clauses therein contained. Appellant replied denying the forfeiture, and claimed that if any cause existed therefor that the forfeiture had been waived by an examination of appellant under oath as to the causes of the loss and condition of the property by one St we, who was the adjuster and agent of appellee, who was informed of all the facts, after which he demanded of appellant proofs of loss, etc., which were furnished him. The cause was submitted to the jury and judgment rendered against appellant, from which this appeal is taken.

The appellant complains of the court in giving to the jury the following instructions requested by appellee, to wit: "In the policy sued upon it is provided, if the insured property, being personal, be or to be incumbered by a chattel mortgage, the policy shall be void. The uncontradicted evidence shows that the insured property was personal; and the uncontradicted evidence further shows that the property was incumbered by two chattel mortgages,—one by Moriarty & O'Keefe to Jery Le Hane, dated August 22, 1892, to secure Casey & Swasey in the payment of the sum of $671.35 of even date, due two months after date; the other dated May 26, 1892, made by Moriarty & O'Keefe to Carey Safe Company, to secure them in the payment of $55. You are instructed that this avoided the contract, and you will find for the defendant, unless the evidence and other portions of the charge given shows that said breach had been waived."

We think this charge error, in that the court instructed the jury that the giving of the mortgage by Moriarty & O'Keefe to Carey Safe Company, to secure them in the payment of $55 due on the safe, would avoid the policy unless the breach of the policy thereby had been waived. The policy stipulated, "this entire policy shall be void if the subject of the insurance be personal property and be incumbered by a chattel mortgage." The evidence shows that after the insurance policy had been issued that Moriarty & O'Keefe, the owners of the property insured and for whose benefit the policy had been issued, bought of the Carey Safe Company one iron safe to be used in their business, and to secure the payment of $55 due thereon they had given a lien on same. It is insisted by the appellants, first, that as the safe was purchased after the insurance policy took effect it was not covered thereby; and second, that if it should be held that it was so covered, that said policy would only be avoided as to the value of said safe. As to the first contention we are not prepared to say from the evidence that said safe was covered by said policy, for it fails to show that said safe was such "fixture or furniture" as is usual to saloons and as described in the policy. We do not think it can be considered a saloon fixture under the terms of the policy, nor is there anything to indicate that it would properly be designated furniture of the character specified in the policy. In order for after-acquired property to be covered by a policy theretofore issued, such property must be of the character of that described in the policy, and it must have been in contemplation of the parties at the time of the issuance of the policy that such after-acquired property would be covered by its terms. The presumption arising from the transaction is that only such property of the character of that mentioned in the policy and then on hand was to be covered by the policy, and as the evidence fails to rebut this presumption, we must hold that the safe was not covered, and its being mortgaged will not have effect to create a forfeiture.

This being our view of the case, we deem it unnecessary to discuss the second contention.

The court also instructed the jury at the instance of the appellee as follows: "The uncontradicted evidence in this case shows that the policy sued upon was forfeited and made null and void by the sale of O'Keefe to McClusky of his one-half interest in the property described in the policy, unless you find and believe from the evidence that J. P. Norwood, the agent who issued the policy, while acting in the interest of the defendant, was advised by the plaintiff or some one in his behalf of the fact that such sale had occurred, and agreed to and signed such transfer. If you find that he was not informed and did not agree thereto, you will find for the defendant." The evidence shows that after the issuance of the policy O'Keefe sold his one-half interest in the property insured to one Mc-Clusky. The insurance company claimed that this sale avoided the policy, while Moriarty claimed that the breach thereof, if any, had been waived by the adjuster Stowe, as stated in his plea. It will be noted that the charge here complained of claims the sale by O'Keefe to McClusky absolutely forfeited the policy and prevents a recovery on the part of plaintiff, unless Norwood, the agent who issued the policy and acting for the company, "was advised by the plaintiff or some one in his behalf of the fact that such sale had occurred, and agreed to and signed such transfer. It is not shown by the evidence or pretended that Norwood knew of the sale at the time, or assented thereto, or did anything in connection therewith. The issue was whether or not Stowe, the adjuster, had waived the forfeiture. If Stowe waived the forfeiture as contended, it is immaterial whether Norwood ever knew anything of the transaction or had any connection therewith. It is insisted by appellee that as the court in its general charge instructed the jury on the question of waiver, the jury must have considered this charge in connection therewith, and that it is not error. We are familiar with the rule that a charge must be considered as a whole, but the charge complained of being given as a special charge, and no reference being made in any way to the main charge, it was calculated to mislead the jury.

The court also instructed the jury if there was an increase of hazard by conducting a gambling establishment in the premises by the consent of Moriarty, in which the property insured was situated, that such would forfeit the policy unless waived. Appellant objects to this charge "because the court failed to explain to the jury what acts on the part of the defendant it would require to constitute a waiver of forfeiture mentioned in said special charge, but left the matter to be determined by the jury what would be determined a waiver of such forfeiture, and was in effect instructing the jury to return a verdict in favor of the defendant." The policy provided that an increase of hazard would work a forfeiture of the policy. The company pleaded that conducting a gambling establishment in the building in which the property was situated was an increase of hazard, and the evidence showed that such establishment was conducted, and it was therefore proper for the court to instruct the jury on that issue. It was not necessary for the court to instruct the jury what was

necessary to constitute a waiver. In his general charge he had fully instructed the jury thereon. If appellant desired further instructions on this point he should have made a request to the court to that effect. Nor is said charge subject to the objection that it was in effect instructing the jury to return a verdict in favor of the defendant.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*