## DELAWARE INS. CO. v. WALLACE.

(Court of Civil Appeals of Texas. Dallas. Nov. 8, 1913. Rehearing Denied Nov. 29, 1913.)

1. INSURANCE (§ 372*) — FIRE INSURANCE — CHANGE OF LOCATION OF PROPERTY.

When insured property is removed from the location specified in the policy, without the knowledge or consent of the insurer, the insured cannot ordinarily recover; but there may be a waiver of the provision, limiting the liability to such location, or the insurer may be estopped to set it up.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 941; Dec. Dig. § 372.*]

2. EVIDENCE (§ 148*)—ADMISSIBILITY—TELEPHONIC CONVERSATION.

In an action against a fire company, where the defense was that the goods had been removed from the location specified in the policy and the insured claimed that the insurer's agent agreed to change the policy to cover the new location, evidence of a telephonic request upon the agents of the insurer to change the location specified in the policy, and their agreement to do so, is admissible where the facts and circumstances were sufficient to warrant a finding that the communication was in fact between insured and the agents of insurer.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig. § 148.*]

3. INSURANCE (§ 386*)—FIRE INSURANCE—DEFENSE.

In an action on a fire policy, where the defense was that the goods had been taken from the location specified in the policy, the insured, upon showing that the insurer's agent agreed to his request to change the policy so as to cover the place where the loss occurred, is entitled to recover, even though no change had actually been made on the policy, and though the policy provided that none of its provisions could be waived unless in writing upon or attached to the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1024; Dec. Dig. § 386.*]

4. INSURANCE (§ 163*)—FIRE POLICIES—CONSTRUCTION.

An insurance policy upon household and kitchen furniture which was to run for three years includes furniture acquired subsequent to the issuance of the policy.

[Ed. Note.—For other cases, see Insurance. Cent. Dig. §§ 339-346; Dec. Dig. § 163.*]

Error from Dallas County Court; W. F. Whitehurst, Judge.

Action by Carl Wallace against the Delaware Insurance Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Wm. Thompson and Will C. Thompson, both of Dallas, for plaintiff in error. Meador & Davis, of Dallas, for defendant in error.

RASBURY, J. Defendant in error sued the plaintiff in error upon a fire insurance policy for $650, covering his household furniture, etc., alleging the issuance of the policy December 11, 1909, for a period of three years therefrom, the loss of the insured property, demand for payment, and refusal. The plaintiff in error answered by general denial and special plea, denying liability on the ground that by the provisions of the policy the furniture, etc., was insured only while contained in the residence of the insured on Terrace Drive in South Dallas, Tex., while the loss occurred while the goods were situated in a residence on Windmere avenue, Oak Cliff, Dallas, Tex., to which place same had been removed without the consent of the company. Defendant in error in his original petition anticipated the company's defense, and alleged that he had notified the company of his change of residence, and requested it to make such notations upon his policy or its records as would protect him in any loss, and that it promised to do so, and that he assumed it had done so. Upon trial by jury defendant in error recovered verdict for the amount of the policy, interest, and costs of suit. Judgment was entered in accordance with the verdict, from which the plaintiff in error has appealed.

The evidence warrants the following conclusions of fact: Miller & Stemmons were the duly authorized agents of the plaintiff in error at Dallas, Tex., and policies issued at Dallas by their terms were not valid until countersigned by them. They did countersign the policy sued upon. The policy insured defendant in error's household goods for a period of three years from December 11, 1909, in the sum of $650, "while located and contained" in his place of residence on Terrace Drive in the city of Dallas, "and not elsewhere." On June 1, 1911, Wallace changed his place of residence to Windmere avenue in said city, removing his household goods to that place. At the time of changing his residence he directed his bookkeeper, Mr. Fryar, to have the company's agent to make a proper "transfer." Fryar called up Miller & Stemmons, the company's agents, over the telephone, and asked for the insurance agent and when he got him on the telephone told him to transfer the Carl Wallace policy on household goods from Terrace Drive to Windmere avenue, and the person answering the telephone assured him he would do so. Miller & Stemmons had about 12 or 14 employés at that time, and it was customary for customers to telephone, requesting transfers of their policies. The policy provided that none of the conditions or provisions of the policy could be waived unless same was written upon or attached thereto. No such waiver was written upon or attached to the policy sued upon.

[1] The first assignment of error complains of the refusal of the trial court to direct a peremptory verdict for the plaintiff in error, and under said assignment the proposition is urged that when insured property is removed from its specified location, without the knowledge or consent of the insurance company, the insured cannot, in case of loss, recover. As bare legal doctrine the proposition is of course sound. British American Insurance Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901; 19 Cyc. 740. But there may be a waiver of such provision, estoppel to assert it, or agreements affecting it without entailing limitations upon the general rule. 19 Cyc. 777.

[2, 3] This leads to a consideration of the plaintiff in error's second assignment of error, which, in effect, challenges the sufficiency of the testimony to sustain the finding of the jury that the promise to approve the change of location of the property was made by one having authority to do so. As we have shown in stating the facts, Miller & Stemmons were the agents of the company, and had authority to make the indorsement upon the policy permitting a change in the location of the property. It was customary with them to take such requests over the telephone and act upon same. Defendant in error made just such a telephonic request at the office of Miller & Stemmons, and the fact is not disputed, except inferentially. Over the telephone of Miller & Stemmons he received the assurance that the indorsement would be made. This testimony was admissible under the rule announced in American National Bank v. First National Bank, 41 Tex. Civ. App. 392, 92 S. W. 440, permitting the detailing of telephonic communications to the jury when the facts and circumstances adduced in testimony are sufficient to authorize a finding by the jury that such communication was between the parties litigant or their agents. The jury did find that a request for a change of location of the insured property was made. This left nothing to be done by defendant in error, and whether the indorsement was actually made upon the policy or not in no respect affects his right to recover in case of fire, in the absence of other defenses. Ætna Insurance Co. v. Eastman, 80 S. W. 255.

[4] The fourth assignment of error asserts that the verdict of the jury is not supported by the evidence. This assignment is based upon the fact that while a loss of over $2,000 is shown, defendant in error could only show that about $500 of the loss was upon property owned by him at the time of the writing of the policy. The policy by its provisions insured defendant in error against loss by fire "to an amount not exceeding $650.00 on the following described property, while located and contained as described herein, * * * to wit: Household and kitchen furniture." The foregoing is all that is to be found in the policy relating to the property intended to be insured. It does not afford much assistance in aid of the issue.

It was said, however, in Moriarty v. Unit-

ed States Fire Insurance Co., 19 Tex. Civ. App. 669, 49 S. W. 132, that "in order for after-acquired property to be covered by a policy theretofore issued, such property must be of the character of that described in the policy, and it must have been in contemplation of the parties, at the time of the issuance of the policy, that such after-acquired property would be covered by its terms." In the case at bar all property acquired by Wallace after the issuance of his policy was of the character of that insured, and in that respect meets the rule. We think it also clear that it was contemplated by the plaintiff in error and defendant in error that the policy should cover all household goods, etc., subsequently purchased. There is no express provision in the policy, excluding after-acquired property of like character from the protection of the policy, to prevent the application of the rule stated. The fact that the policy extended over a period of three years is persuasive of such construction, since in that period of time the mutations probable in household goods are many, and it is reasonable to presume that the parties intended that the policy during that time should protect defendant in error in case of fire against loss on such goods as were actually on hand at the time of the fire.

It must be conceded that by analogy the case of Phœnix Insurance Co. v. Dunn, 41 S. W. 111, holds a contrary rule, but we think the better rule, and the one that follows the trend of the great weight of modern authority, is the one just quoted; and, if there is such conflict, we feel constrained to adhere to the rule announced in the Moriarity Case.

We have carefully considered the remaining assignments of error, which but present the points already considered in a different manner, and, finding no reversible error therein, same are overruled.

The judgment is affirmed.