## FIDELITY UNION FIRE INS. CO. v. CAMP-BELLS. (No. 229.)*

(Court of Civil Appeals of Texas. Eastland. Oct. 8, 1926. Rehearing Denied Dec. 2, 1926.)

Insurance ⊜665 (3, 8)—Evidence held to ·sustain finding of oral notice of removal of insured property and waiver of stipulation requiring indorsement on policy.

· Testimony of insured's bookkeeper that she called office of insurer's agent over telephone and gave notice that property was being moved, and was assured that removal would be noted on policy, though contradicted, *held* sufficient to sustain finding of oral notice of removal and waiver of stipulation requiring written indorsement on policy.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by one Campbells against the Fidelity Union Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Collins & Houston, of Dallas, for appellant. Wagstaff, Harwell & Wagstaff, of Abilene, for appellee.

PANNILL, C. J. Appellant issued to appellee a policy of insurance against loss by fire of certain personal property. The contract provided that the insurance should remain in force only while the property was situated at a location designated in the contract, and that liability under the contract would continue if the goods were moved to another location only in the event the removal to the new location was indorsed in writing on the instrument evidencing the contract of insurance. The insured property having been destroyed by fire, suit was brought and recovery had for the value of the goods destroyed.

The one question presented is the sufficiency of the evidence to establish the oral notice of removal and waiver by appellant's resident agent of the stipulation requiring written indorsement of the change in the location of the property.

The testimony relied on by appellee is almost identical in terms with the testimony as to similar agreements held sufficient in the cases of Delaware Insurance Co. v. Wallace (Tex. Civ. App.) 160 S. W. 1130, and Northern Assurance Co. v. Morrison (Tex. Civ. App.) 162 S. W. 411. In the present instance, appellee's bookkeeper, Miss Ward, testified that she, acting on instructions from her employer, and before the property was moved, called the office of appellant's agent over the telephone; that a man answered the telephone, and she told the person answering the phone that the property in question was being moved to a new location, and asked that this removal be noted on the policy, and the person answering assured her that the matter would be attended to.

Appellant called the agent and all his employees, and each testified that Miss Ward did not talk to either of said witnesses on the occasion as testified to by her. Appellant concedes that Miss Ward's testimony, if not contradicted, is sufficient to sustain the judgment under the decisions cited above, but forcibly contends that where, as here, appellee's witness does not identify the person called as an agent of appellant, and where all the persons representing appellant at the number called deny the transaction, that this destroys the presumption that the party making the agreement was an agent of appellant and destroys the effectiveness of appellee's testimony.

The cases referred to all declare that the testimony set out in substance is sufficient to sustain a finding that the party called was appellant's agent. If so, then it is difficult to perceive how the controverting testimony of appellant's witness would do more than create an issue of fact. If uncontradicted evidence is admissible and sufficient as a matter of law to sustain the judgment, then it would logically follow that the same testimony would, if found to be true, be as effective when controverted. It is not believed that the introduction of contradictory testimony destroys the legal effect of appellee's evidence where, as here, the trial judge specifically found the testimony introduced by appellee to be true.

This record reflects a state of facts where the trial court could very easily have concluded that one of the appellant's witnesses was mistaken in his belief that Miss Ward did not have the conversation with such witness. In such case the situation would be the same as one where there was no controverting evidence.

The judgment is therefore affirmed.