(127 So. 233)

GREAT AMERICAN INS. CO. v. PEARSON.
6 Div. 517.

Supreme Court of Alabama.
March 27, 1930.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellee.

FOSTER, J.

Appellee has moved to dismiss the appeal in this case because an appeal bond was not filed within the time allowed by law. The judgment on motion for new trial was dated September 3, 1928. Appellant had six months thereafter to file bond for appeal. The record shows that on motion of appellant the court found and adjudged that an appeal bond was filed on October 10, 1928, but was lost, and allowed a bond of that date substituted for the lost one. The record shows the proceedings upon the motion to substitute the lost bond with a bill of exceptions by appellee pertaining to that hearing. But there is no cross-appeal nor cross-assignment of errors by appellee based upon the propriety of the order of the court granting the motion or on any ruling during the hearing of it. Section 6091, Code. We cannot, therefore, consider the ruling of the court on the motion nor the sufficiency of the evidence offered on the hearing. The record as substituted shows that the appeal was taken and bond filed within the time required by law.

Appellee has moved to dismiss the appeal and to strike the transcript because it was not filed in sixty days after the bill of exceptions was signed under section 6107, Code. The record shows that appellant's bill of exceptions was signed January 29, 1929. On May 17, 1929, appellant filed a motion to substitute the lost appeal bond. If the appeal bond was filed, but lost within the sixty days, and the circuit court so adjudged, that was sufficient reason for not filing the transcript until it should be substituted. On May 25,

Foster, Rice & Foster, of Tuscaloosa, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

1929, the court ordered the bond substituted. On June 14, 1929, the court signed appellee's bill of exceptions on the hearing of that motion. This state of the record, we think, shows a good and sufficient reason for not filing the transcript within sixty days after January 29, 1929, the date when appellant's bill of exceptions was signed. No motion for affirmance under section 6103, Code, was made by appellee. We cannot, therefore, sustain the motion to dismiss the appeal or the motion to strike the transcript.

This is an action on a fire insurance policy. The defense was that the fire was the willful act of plaintiff's manager or alter ego, her husband, who had charge of the business

■ The first contention of appellant is that the policy of insurance did not cover the meat market fixtures, such as the refrigerator, meat box, sausage grinder, scales, etc. The policy is not set out in the record. The argument, therefore, which appellant makes to sustain his conclusion, is that the complaint claims that the insurance covered a "stock of merchandise, store furniture and fixtures," and that those averments should not be interpreted to include the items mentioned. We cannot say that such allegations of the complaint were not of that general nature as to include meat market fixtures and furniture as well as such articles generally used in connection with stocks of general merchandise. They were certainly "store furniture and fixtures," as commonly understood, and those are the words used in the complaint.

■ Appellant also contends that the proof shows that until the day before the fire the items of meat market furniture and equipment were used in the back part of appellee's store by another person who owned and conducted such an enterprise. Just what connection plaintiff had in this meat business, if any, when the policy was issued, is not disclosed. It is claimed that the evidence shows that appellee acquired this business, including the furniture and fixtures, the day before the fire, and that therefore they are not within the protection of the policy. Appellant relies upon the authority of the cases which hold that, unless the policy so provides, items of that nature, subsequently added to a mercantile business of a different character than that conducted by the insured and contemplated by the insurer as shown by the policy, are not included in the insurance. 26 C. J. 90; Moriarty v. United States Fire Ins. Co., 19 Tex. Civ. App. 669, 49 S. W. 132; Emery & Co. v. Am. Ins. Co., 177 Iowa, 4, 158 N. W. 748; Manchester Fire Assur. Co. v. Feibelman, 118 Ala. 308, 23 So. 759. The principle may be sound, and the evidence may have the tendency as appellant contends, but the policy is not before the court, and therefore we are not justified in holding, in order to re-

verse the judgment, that it does not sufficiently include such after-acquired property.

■■ It also seems clear that, if the policy were in evidence, and did not include the property mentioned, the question is not sufficiently presented for review. The only manner in which it is raised as shown by the assignments of error is by an objection to the value of such items of property, on the ground that the evidence is "illegal, irrelevant and incompetent." The objection does not direct the attention of the court to the fact that the property is not embraced in the coverage of the policy, and it does not appear that the attention of the court was in any manner directed to this contention. The objection is only general in nature, and the court will not be reversed in its ruling, when the objection now urged is specific and is not merely general. Bufford v. Little, 159 Ala. 300, 48 So. 697; Dixie Industrial Co. v. Bank, 207 Ala. 293, 92 So. 786; Fulton B. & C. Mills v. Leder Oil Co., 207 Ala. 350, 92 So. 613.

There is no eighth assignment of error indorsed on the transcript, though it is argued in brief.

The other assignments of error argued in brief relate to rulings which are of such nature as to be obviously of no prejudice to appellant. They consist, for the most part, of objections to questions by appellee on cross-examination of appellant's witnesses. They related to matters in permitting which the court did not allow counsel to go beyond his right of proper cross-examination—"thorough and sifting." Section 7731, Code.

■ The notes made by the grand jury in its investigation of the fire offered in evidence are not set out, and, if they were, they do not appear to be competent upon any principle of law.

Finding no reversible error, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.