In a wife's suit for divorce, the court, pendente lite, gave to her custody of the three children, and ordered the husband to pay her $35 a week for maintenance of herself and the children, and lastly to vacate the apartment where the family had formerly been living and permit his wife and children to live there. The defendant does not challenge the propriety of giving his wife custody of the children, but he appeals from the other two branches of the order.
Appellant objects that the court improperly considered as part of the proofs, a written report of one of the Hudson *Page 54 
County probation staff. However, it appears that the parties stipulated that the court might so use the report. Volenti nonfit injuria.
The appellant argues that $35 a week for support is too much. His earnings approximate $55 a week. His wife has no income, and with three children, aged 2, 5 and 11 years, to care for, is not apt to earn any unless she can get some work to do at home. The division, $20 for the appellant, $35 for the wife and three children, seems fair. If his share is too little for him, theirs is too little for them.
Appellant lastly urges that the court had no authority to make him surrender his apartment. No question of rent is involved; as the wife admits that she must pay the rent and not her husband. The statute authorizes the court to "make such order touching the alimony of the wife and also touching the care, custody, education and maintenance of the children" as may be reasonable and just. R.S. 2:50-37, as amended by P.L. 1948, c. 320. The nature of alimony was discussed in Lynde v. Lynde,64 N.J. Eq. 736 (E. A. 1902). It is a method of enforcing the duty of support owed by a husband to his wife. Usually, of course, it is an allowance of money paid periodically. Whether the order to surrender the apartment could be sustained if alimony alone were involved, we need not decide. Here the care of the three children was the determining factor. Pending the suit, Mrs. Burger had been living with one of the children at her parents' small home; appellant had the other two children at the apartment where his mother cared for them. He asked the court to direct his wife to take charge of the two children then with him, because his mother was unable to continue looking after them. The court did as he requested and at the same time ordered him to surrender the apartment, since the home of Mrs. Burger's parents was entirely too small to take in two more children. We are satisfied that the order was well within the statutory authority of the court and was entirely proper.
Affirmed. *Page 55