89 So.2d 274

### Pauline J. RUCK

v.

### Joseph W. RUCK.

**3 Div. 687.**

Supreme Court of Alabama.

June 14, 1956.

Rehearing Denied Sept. 6, 1956.

Truman Hobbs, Godbold & Hobbs, Montgomery, for appellant.

**30**

Clyde P. McLendon and Hill, Hill, Stovall & Carter, Montgomery, for appellee.

GOODWYN, Justice.

The appellant, Pauline J. Ruck, filed a petition for a writ of habeas corpus in the circuit court of Montgomery County seeking custody of her two children, Leslie and Evelyn, who were 8 and 6 years of age, respectively, when the proceeding was instituted. The appellee, Joseph W. Ruck, is appellant's divorced husband and the father of said children.

In June, 1951, the Superior Court of Cook County, Illinois, rendered a decree granting a divorce to Mrs. Ruck on the ground of cruelty. The divorce decree awarded the care, custody and education of said children to their father, who has had their custody continuously since the parties' separation in July, 1950. In September, 1953, the same court rendered a decree modifying the original decree by awarding custody of the children to Mrs. Ruck. In December, 1953, she instituted the proceeding now under review, seeking custody of said children on the strength of the modified Illinois decree. At the time of filing the petition the children were residing with their father in Montgomery County.

The trial court, in its judgment dissolving the writ of habeas corpus, recognized the validity of the Illinois decree of modification but denied custody to the mother on the basis of changed conditions since the rendition of the modified decree, that is, circumstances creating an emergency as to the immediate welfare of the children. As thus stated in the judgment:

"It appears from the evidence and the undersigned judge so finds from the evidence that there are peculiar circumstances which create an emergency as to the immediate welfare of both of said minor children sufficient to call into being the jurisdiction of this Court; and that action by this Court is found to be presently needful for the welfare of both of said minor children; and,

"It appears from the evidence and the undersigned judge so finds from the evidence that there have been such changed conditions since the rendition of said decree by said Superior Court of Cook County, Illinois, and such changed conditions and peculiar circumstances not disclosed when said de-

cree of said Court was rendered, as to make action by this Court presently needful for the welfare of both of said minor children; * * *."

■ It is insisted by appellee that the trial court erred in holding the Illinois modifying decree to be valid. But there is no cross-assignment of error taking the point. In this circumstance the question is not before us for decision. Waters v. American Cas. Co. of Reading, Pa., 261 Ala. 252, 257, 73 So.2d 524; Rea v. Rea, 253 Ala. 169, 171, 43 So.2d 402; Webb v. Webb, 250 Ala. 194, 210, 33 So.2d 909; Great American Ins. Co. v. Pearson, 220 Ala. 664, 665, 127 So. 233; Colvin v. Payne, 218 Ala. 341, 343, 118 So. 578; Code 1940, Tit. 7, § 746; Supreme Court Rule 3, as amended, Code 1940, Tit. 7, Appendix, Revised Rules of Practice in the Supreme Court, effective June 1, 1955, Code 1940, Tit. 7, Pocket Part.

Reduced to the ultimate, the question presented by the assignments of error is whether there is sufficient evidence to support the trial court's finding of an emergency as to the immediate welfare of the children. Sappington v. Fort, 258 Ala. 528, 531, 63 So.2d 591; Ferguson v. State ex rel., 251 Ala. 645, 647, 38 So.2d 853; Ex parte State ex rel. McLaughlin, 250 Ala. 579, 35 So.2d 507; Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399.

■ It is appellee's insistence, however, that this point should not be considered because it affirmatively appears from the record that there was evidence before the trial court (examination of the children by the court) which is not set out in the record We are constrained to hold that this insistence is well taken. Moore v. Pettus, 260 Ala. 616, 625, 71 So.2d 814; Grand Lodge, etc., v. Hermione Lodge No. 16, 258 Ala. 641, 645, 64 So.2d 405; Thomas v. Thomas, 246 Ala. 484, 486, 21 So.2d 321; Fuller v. Blackwell, 246 Ala. 476, 477, 21 So.2d 617; Gipson v. Hicks, 243 Ala. 617, 618, 11 So.2d 461; Linn v. Linn, 242 Ala. 688, 690,

8 So.2d 187; McGriff v. McGriff, 242 Ala. 69, 4 So.2d 507; Allen v. Allen, 223 Ala. 223, 225, 135 So. 169; Hogg v. Jenifer Iron Co., 215 Ala. 683, 112 So. 207; Wood v. Wood, 119 Ala. 183, 185, 24 So. 841. From Moore v. Pettus, supra [260 Ala. 616, 71 So.2d 821], is the following:

"* * * Under our well established rule we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us. Dancy v. Ratliff, 201 Ala. 162, 77 So. 688; Jones v. Jefferson County, 203 Ala. 137, 82 So. 167."

In the trial court's decree, it is stated as follows:

"This matter coming on to be heard before the undersigned Judge upon the petition of Pauline J. Ruck for a writ of habeas corpus in behalf of Leslie Ruck, a minor, and Evelyn Ruck, a minor, and upon the amendment thereto, and upon the return and answer of Joseph W. Ruck, and the said Pauline J. Ruck being present in her own proper person and by counsel, and the said Joseph W. Ruck being present in his own proper person and by counsel, and both of said minor children, Leslie Ruck and Evelyn Ruck, being before the undersigned Judge; and upon the direct and cross-examination of Kathleen Ruck, of Randall G. Bishop, of Joseph W. Ruck, and of Pauline J. Ruck, *and upon the examination by this trial Judge of said minor children, Leslie Ruck and Evelyn Ruck,* and upon exhibits offered and received in evidence in support of said testimony". [Emphasis supplied.]

The record does not disclose any testimony given by the children. Hence we have no way of knowing what, if any, factual statements they made, nor what effect any such statements might have had on the trial court's conclusion. In short,

we are left to surmise only. In reviewing the judgment on appeal we are confined to the record and would not be warranted in assuming that evidence, relevant and material to the case, was not given by the children. We must presume that they gave evidence sufficient in character and weight, considered in connection with all the other evidence, to justify the trial court's conclusion.

We are not unaware of the practice of interviewing minor children in custody cases as was done in the instant case. We recognize, too, that the private examination of children in such cases, no doubt, would be more helpful in obtaining full and frank disclosures from them than if examined as ordinary witnesses. But in following this course it is obvious that a conclusion reached by the trial court on the basis of their evidence, which is not included in the record, is thereby made immune to review on appeal.

We do not decide whether such examination by the court would be ground for reversal, since there is no assignment of error taking the point. In this connection, see the following authorities: Ex parte Leu, 240 Mich. 240, 215 N.W. 384, 385, 386–387; Hicks v. Hicks, 26 Tenn.App. 641, 176 S.W.2d 371, 377, certiorari denied July 3, 1943; Brooks v. Thomas, 193 Ga. 696, 19 S.E.2d 497, 499; Willingham v. Willingham, 192 Ga. 405, 15 S.E.2d 514, 516–517; Sheehy v. Sheehy, 88 N.H. 223, 186 A. 1, 4, 5, 107 A.L.R. 635; Walker v. Eldridge, 219 Ark. 594, 243 S.W.2d 638; Burger v. Burger, 6 N.J.Super. 52, 69 A.2d 741, 742; Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483, 488; Callen v. Gill, 7 N.J. 312, 81 A.2d 495, 498, 499; Martinez v. Martinez, 49 N.M. 405, 165 P.2d 125, 128; Nelson, Divorce and Annulment, 2d Ed., §§ 15.47, 15.-48, pp. 251–254. We here note that the record does not disclose whether the examination was made with the consent of the parties or over their objections. Nor is there any showing of whether or not counsel for the parties were present at the examination and afforded an opportunity to question the children. In any event, the evidence given by the children is not set out anywhere in the record. In this situation the trial court's findings from the evidence are not open for review.

The judgment discharging the writ of habeas corpus and remanding the children to the care, control and custody of their father, Joseph W. Ruck, is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.