160 So.2d 881

**Bobbie Lee MASON**

v.

**Fannie Mae MASON.**

**5 Div. 764.**

Supreme Court of Alabama.

Feb. 13, 1964.

John W. Johnson, Jr., Lanett, for appellant.

Wallace & Wallace, LaFayette, for appellee.

GOODWYN, Justice.

This is a divorce proceeding, which also involves the custody of four minor children.

Appellee (wife) filed a bill for divorce against appellant (husband) on the grounds of cruelty and adultery. Appellant filed a cross-bill seeking a divorce in his favor on the ground of adultery. After an oral hearing of the evidence, the trial court rendered a decree granting a divorce to both parties, in favor of the wife on the ground of cruelty and in favor of the husband on the ground of adultery. Both grounds find support in the evidence.

■■ Under the circumstances, the doctrine of recrimination applies, which means that neither party is entitled to a divorce. As stated in Bryan v. Bryan, 271 Ala. 625, 627, 126 So.2d 484:

"* * * The rule is that if the conduct of both parties has been such as to furnish grounds for divorce, neither is entitled to relief, or, as otherwise expressed, if both parties have a right to a divorce, neither of the parties has. Downs v. Downs, 260 Ala. 88, 69 So.2d 250; Chamblee v. Chamblee, 255 Ala. 35, 49 So.2d 917; Butler v. Butler, 254 Ala. 375, 48 So.2d 318; Stephens v. Stephens, 233 Ala. 178, 170 So. 767; Stabile v. Stabile, 203 Ala. 635, 84 So. 801; Ribet v. Ribet, 39 Ala. 348; 27A C.J.S. Divorce § 67; Richardson v. Richardson, 4 Port. 467, 30 Am.Dec. 538."

Appellee was awarded custody of the two girls, eight and two years of age, and appellant was awarded custody of the two boys, fourteen and twelve years of age, with rights of visitation in each party. The decree recites the following: "The Court has talked with the three older children, and concludes that each of them still loves each and both of their parents, though expressing a preference as to their custody; the youngest child is only two years old."

■ Our holding that neither party is entitled to a divorce does not necessarily require the invalidation of the custody provisions of the decree. See: Stallworth v. Stallworth, 272 Ala. 449, 453(3), 131 So.2d 867; Bryan v. Bryan, supra. Our conclusion is that we would not be warranted in disturbing those provisions. As already noted, the trial court talked with the three older children; but the record does not include any testimony given by them. It is a well-established rule that "we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us." Ruck v. Ruck, 265 Ala. 29, 31, 89 So.2d 274, 276; Moore v. Pettus, 260 Ala. 616, 625, 71 So.2d 814, 821. As said in the Ruck case:

"The record does not disclose any testimony given by the children. Hence we have no way of knowing what, if any, factual statements they made, nor what effect any such statements might have had on the trial court's conclusion. In short, we are left to surmise only. In reviewing the judgment on appeal we are confined to the record and would not be warranted in assuming that evidence, relevant and material to the case, was not given by the children. We must presume that they gave evidence sufficient in character and weight, considered in connection with all the other evidence, to justify the trial court's conclusion."

■ Appellant argues that since there was an adjudication of appellee's adultery, she should be denied custody of any of the children. There are cases (Hanby v. Hanby, 229 Ala. 527, 158 So. 727; Johnson v. Johnson, 215 Ala. 487, 111 So. 207), relied on by appellant, holding that such misconduct is an adjudication of her *relative* unfitness to have custody. However, an adjudication of adultery is not, in and of itself, an absolute bar to custody, the paramount and controlling consideration being what is for the best interest and welfare of the minor child. See: Wood v. Wood, ante p. 90, 159 So.2d 448; Vinson v. Vinson, 263

**268**

Ala. 635, 640, 83 So.2d 215; Easterling v. Caton, 260 Ala. 543, 546–547, 71 So.2d 835.

■ With respect to the allowances decreed in favor of appellee, including allowances of an attorney's fee and support and maintenance for the two children in appellee's custody, we think it would be appropriate for the trial court to further consider such allowances in the light of our holding that neither party is entitled to a divorce. To that end, the parts of the decree providing for such allowances will be reversed.

■ Appellant moved to have blood grouping tests made of the parties and the youngest child to prove his contention that he is not the child's father. The motion was denied without error.

The legislature has provided for blood grouping tests in proceedings for determining the paternity of illegitimates (Act No. 295, appvd. Sept. 15, 1961, Acts 1961, Vol. II, p. 2353, Recompiled Code 1958, Tit. 27, § 12(1), et seq., Cum. Pocket Part), that is, where one is charged with being the father of an illegitimate child, but it has not seen fit to provide for the tests in proceedings such as the one now before us, that is, in a divorce proceeding wherein the legitimacy of a child born to a married mother, who is living with her husband, is brought into question. In a bastardy proceeding, the effort is in aid of the child, while in a divorce proceeding the purpose of the tests is to aid in bastardizing the child, even though the child is not a party to the proceeding and is not represented by a guardian ad litem. Although there are cases from some of the other jurisdictions holding that a court, in the absence of statutory authority, has the power, in its discretion, to issue an order requiring such tests (46 A.L.R.2d 1005, § 3; 163 A.L.R. 943–945), it is our view that the matter more properly is one for legislative action. In this connection, attention is directed to the "Uniform Act on Blood Tests to Determine Paternity," 9 Uniform Laws Annotated, p. 110.

■ There being no divorce, there can be no award of permanent alimony. Ac-

cordingly, the award of such alimony is due to be reversed. See: Bryan v. Bryan, supra; Penn v. Penn, 246 Ala. 104, 105, 19 So.2d 353, 354. From the Penn case is the following:

"As pointed out in the case of Norrell v. Norrell, 241 Ala. 170, 1 So.2d 654, and reaffirmed in Searcy v. Searcy, 242 Ala. 129, 5 So.2d 97, there is no jurisdiction in the court to grant 'permanent alimony' without a divorce. A court of equity has jurisdiction to make an allowance for separate maintenance without a divorce either sought or granted; but permanent alimony is inconsistent with the sustained relation of the marriage status."

The decree is affirmed insofar as it provides for custody of the children. In other respects, it is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.

LIVINGSTON, C. J., and LAWSON, J., concur.

COLEMAN, J., concurs in result.