198 So.2d 785

Jason T. SILAVENT

v.

Anna Marie SILAVENT.

4 Div. 266.

Supreme Court of Alabama.

May 5, 1967.

Joe S. Pittman, Enterprise, for appellant.

Henry B. Steagall, II, and T. L. Borom, Ozark, for appellee.

GOODWYN, Justice.

This appeal is from a decree modifying a divorce decree awarding custody of the parties' minor children.

The principal question presented concerns the sufficiency of the evidence to support the decree of modification. Appellee takes the position, in which we concur, that this question cannot be considered since it affirmatively appears from the record that there was evidence before the trial court, consisting of the court's private examination of the two oldest children, which is not included in the record. A similar question was presented in Ruck v. Ruck, 265 Ala. 29, 31–32, 89 So.2d 274, where it was held that, in such state of the record, the trial court's findings from the evidence were not open for review. In the case before us it affirmatively appears from the trial court's decree, as was also the situation in *Ruck*, that, in reaching a decision, the court took into consideration "the results of private interviews with

the two oldest children." As said in *Ruck* (265 Ala. at 31–32, 89 So.2d at 276):

> "'* * * Under our well established rule we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us. * * *'"

> * * * * * *

> "* * * [W]e have no way of knowing what, if any, factual statements they [the children] made, nor what effect any such statements might have had on the trial court's conclusion. In short, we are left to surmise only. In reviewing the judgment on appeal we are confined to the record and would not be warranted in assuming that evidence, relevant and material to the case, was not given by the children. We must presume that they gave evidence sufficient in character and weight, considered in connection with all the other evidence, to justify the trial court's conclusion."

There is an assignment of error as follows:

> "3. The Court erred when it considered the results of private interviews with the two older children."

█ Assuming, without deciding, the sufficiency of this as an assignment of error, it cannot be considered because it is not substantially argued. Supreme Court Rule 9, 279 Ala. XIX, XXVI, provides that "assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court." The entire argument with respect to this assignment is as follows:

> "The trial court erred in talking with the children in private over the objection of the appellant when the Court had an opportunity to question the two oldest boys in open court."

This, in effect, is nothing more than a repetition of the assignment of error. It is not substantial argument of the assignment, as required by Rule 9. See: Fountain

v. Vredenburgh Saw Mill Company, 279 Ala. 68, 70, 181 So.2d 508; City of Boaz v. Kelley, 266 Ala. 690, 692, 99 So.2d 192; Calvert v. Bynum, 255 Ala. 172, 174, 50 So.2d 731.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.