278 So.2d 715

Robert J. HAGLER, Jr.

v.

Mary HAGLER.

Civ. 114.

Court of Civil Appeals of Alabama.

May 30, 1973.

Turner & Turner, Tuscaloosa, for appellant.

Zeanah, Donald & Lee, and Wilbor J. Hust, Jr., Tuscaloosa, for appellee.

HOLMES, Judge.

This is an appeal from a decree denying appellant-husband's petition to modify a prior decree of divorce.

The original decree of divorce awarded custody of the three minor children to the appellee-wife. The appellant thereafter filed a petition to modify the divorce decree to award custody of the parties' three minor children to appellant. He alleged in substance that the appellee was unfit and that the best interest of the children would be served by them being in his custody. He specifically alleged that the appellee was living openly with a man not her husband.

An order was entered granting appellant temporary custody and therafter a hearing of testimony *ore tenus* was had and a de-

cree entered denying appellant's petition to modify. The trial court found that it would be in the best interest of the children that the custody remain with their mother, the appellee.

The appellant's assignments of error, as we understand them, are that the court erred in denying the petition to modify in that the evidence shows the best interest of the children would be served by them being in the custody of the appellant and, further, that the court erred in not allowing one of the minor children, age ten, to testify in open court.

The facts as revealed by the evidence regarding the testimony of the minor child are as follows:

The child, a female of the age of ten years, was called as a witness by appellant. The following then transpired:

"BY MRS. TURNER:

"Q. Tell us your name, Kay.

"A. Karen Hagler.

"Q. How old are you, Karen?

"A. Ten.

"Q. Where are you living now?

"A. With my daddy.

"Q. Are you happy with your daddy?

"A. Yes, ma'am.

"Q. Are you well cared for at your daddy's house?

"A. Yes.

"Q. Would you be pleased if you got to stay with your daddy and keep living there?

"A. Yes (Indicating).

"Q. And—

"MR. ZEANAH: If Your Honor please, we object to this child testifying. She is not but nine or ten years old, and I don't think that the— The older one is fourteen, and she would be able to.

"THE COURT: Well, let him go ahead. I will note the objection since we are here. If he wants to talk— If she would prefer not to testify, I will be glad to hear her in my office.

"MRS. TURNER: Well, now, it is perfectly satisfactory with me, Judge, if you want to talk to the children in chambers.

"THE COURT: Ma'am?

"MRS. TURNER: It is perfectly satisfactory with me if you want to talk with the children in chambers, alone. In fact, I would prefer it that way, if Mr. Zeanah would agree.

"THE COURT: Well, let's proceed with some other witnesses, then. I would probably— Let her come down, then—I would probably rather—

"MR. ZEANAH: The only point we make is, this little girl is only ten years old, and her choice— She would not be able to make— I am sure she would say she would like to be anywhere, with either one, but that— A child who is that young, unless they are twelve, thirteen or fourteen, I don't believe it would be proper to—

"MRS. TURNER: I know of no such ruling.

"MR. ZEANAH: There is no rule; I just think ten is too young. Of course, courts have held that children of fourteen years of age are able to— Well, can be guilty of contributory negligence, for example—they are accountable more than one of twelve, even. They can have judgment and so on. But, at this age, it is just a tender age, and I am not sure it would be well for the child.

"MRS. TURNER: Then, Judge, at your suggestion, do you wish that we go on with another witness at this time?

"THE COURT: Yes, please go on with some other witnesses.

"MRS. TURNER: All right. Well, Judge, I have only one other witness, but

I do not want to put him on until you have made a decision about the children. I will want to put him on in rebuttal, maybe then.

"THE COURT: Well, do you rest?

"MRS. TURNER: I don't want to rest, Judge, until you make a decision as to whether or not the children are going to testify or you talk to them in chambers. But, other than that, we still have the problem—

"THE COURT: Now, how old is the other child involved?

"MRS. TURNER: One is fourteen, and one is nine, and one, ten.

"THE COURT: And this was the ten year old here?

"MRS. TURNER: Yes, sir.

"THE COURT: Let me talk to that young lady in my office a minute, alone. "(Whereupon, the Court was in brief recess.)"

Apparently, the appellant then rested his case.

Thereafter, the appellee-wife presented her case and rested.

The appellant then requested to recall the child to the stand to be examined concerning alleged sexual misconduct of the appellee. The court refused to allow the child to be called and specifically stated, as shown by the record, that it felt it had covered in camera the area upon which the appellant desired to examine the child. The court specifically stated as follows:

"[B]ut I asked if they had done anything bad together and I am under the impression she knew what I was talking about. . . ."

Appellant now contends that the court erred to reversal when it refused to allow the child to again be examined. We cannot agree.

This court, as well as the supreme court, (see Ruck v. Ruck, 265 Ala. 29, 89 So.2d 274) is aware of the practice of interviewing minor children in custody cases as was done in the case at bar. We also know that the private examination of children in such cases can in certain instances be more helpful in obtaining full and frank disclosures from them than if examined as ordinary witnesses.

■ Here, in this instance, the appellant clearly, as noted from the evidence set out herein above, agreed to such examination in camera. Therefore, in this instance, there can be no error in the examination itself.

■ It is a general rule of law that it is within the discretion of the trial judge to allow a witness previously examined to be recalled. 19A Ala.Dig., Witnesses, ⊛262. Certainly, here where the court considered the area to be covered by recall to have been covered by the court's examination, there is not an abuse of this discretion.

Able counsel for the appellant, in his excellent brief, relies on the case of McGrady v. Brown, 230 Ala. 484, 161 So. 475. There, the court refused to allow a child of eleven years of age to testify and give his preference as to the parent he would prefer to be in the custody of. That case is distinguishable from this case in that here the witness was examined by the court and the manner in which she was examined was agreed to by the appellant.

Appellant further contends that the trial court erred in allowing custody to remain in the appellee-mother.

It is apparent from the above that some of the minor children testified in camera. It is further apparent that this entire testimony is not included in the record. The Supreme Court of Alabama, whose decisions we are bound to follow [see Tit. 13, § 111(1), Code of Alabama 1940], has held

in Mason v. Mason, 276 Ala. 265, 267, 160 So.2d 881, 882:

"It is a well-established rule that 'we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us.' . . ."

See also Ruck v. Ruck, *supra,* and Silavent v. Silavent, 281 Ala. 58, 198 So.2d 785. We note that both *Mason, supra,* and *Ruck, supra,* involved testimony given by children in camera.

The trial court found from all the evidence that the best interest of the children would be served by them remaining in the custody of the appellee-mother. As seen from the above, all the evidence upon which it made this finding is not before us.

■■ In any event, this court has carefully reviewed the record of some 240 pages of transcript in this matter and concludes that no point would be served in setting out the evidence in the case other than to once again make public the personal life of the parties. Suffice it to say that the trial court heard the evidence, observed the witnesses and based its decision on these factors in arriving at its determination that the welfare of the children would best be served by the appellee having custody of the children. There is evidence to support such a determination. The predominant factor in cases of this nature is what is in the best interest and welfare of the children. Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737; Linderman v. Linderman, 49 Ala.App. 662, 275 So.2d 342, (1973). Furthermore, there is a strong presumption favoring the trial court's finding in cases of this class. See 2A Ala.Dig., Appeal & Error, Key 931(1).

■ As the Supreme Court of Alabama has stated in Lamar v. Lamar, 263 Ala. 391, 393, 82 So.2d 558, 560:

"[I]t is not necessarily a question as to what view the reviewing court might have of the evidence, but that if, under any reasonable aspect, the decree below is fairly supported by credible evidence, it is our duty to affirm. . . ."

See also Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809. Here, to the point of redundancy, there is evidence to support the court's decree.

Therefore, in this case, as in all cases where the judgment or decree is entered by the court after hearing of testimony *ore tenus* such judgment or decree is presumed correct and will be reversed on appeal only if, after consideration of the evidence, and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471; Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. We cannot find the trial court's decree so wrong.

■ The attorney for appellee requests that an attorney's fee be awarded to him for his service "in the defense of this appeal." Under the cases we may award such a fee. See Stairs v. Stairs, 283 Ala. 263, 215 So.2d 591. Due to the outcome of this case and the other factors involved, including the record's indication that appellant is a man of limited means and that apparently no fee was awarded by the court below, we think a reasonable fee for appellee's service on appeal in this court is a sum of $200. It is ordered that a fee in that amount be awarded to the attorney for appellee for services rendered his client, on this appeal.

We have considered all of the argued assignments of error and finding no ground for reversal in any of them, we hold the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.