331 So.2d 737

**Sally C. FRIDGE**

v.

**Charles F. FRIDGE, Jr.**

**Civ. 491.**

Court of Civil Appeals of Alabama.

April 28, 1976.

W. A. Kimbrough, Mobile, for appellant.

Caffey & Owens, Brewton, for appellee.

HOLMES, Judge.

This is an appeal by the appellant-mother from a decree granting appellee-father's petition to modify the custody provision of a prior decree of divorce.

The parties were divorced by the Circuit Court of Escambia County in 1969. Custody of the two male minor children born of the marriage was awarded to the mother. This decree was modified in 1970 and cus-

tody of the oldest child was awarded to the father. This decree was also rendered by the Circuit Court of Escambia County. In 1971, other proceedings initiated by appellant-mother were had in the Escambia County Circuit Court.

In August of 1974, the appellee-father filed a petition in the Circuit Court of Escambia County seeking custody of the other minor child, now age 6. At the time of this proceeding the father and his family resided in Mississippi. The mother, her new husband, and the minor child resided in Georgia. After a hearing *ore tenus* the trial court modified the previous decree and awarded custody to the father. The mother appeals from this order.

The issues as presented by able and distinguished counsel for appellant-mother are: (1) Did the Circuit Court of Escambia County have jurisdiction? and, (2) Was the decree modifying custody supported by the evidence? We answer both in the affirmative.

### I

■ While counsel for appellant presents able and interesting argument that the trial court either does not have jurisdiction or should not entertain jurisdiction since the parties resided elsewhere than in the state of Alabama, the law is contrary.

As seen from the above, the court entered the original decree and prior to this proceeding both parties petitioned the same trial court for relief. We should further note there is no contention that both parties were not residents of the state of Alabama and Escambia County at the time of the original decree.

■ It is the law of this state that in cases of this nature, jurisdiction, once acquired, cannot be defeated by subsequent events, notwithstanding their character is such as would have prevented jurisdiction originally attaching. *Lassiter v. Wilson*, 207 Ala. 669, 93 So. 598. As our Presiding

Judge Wright said in *Leigh v. Aiken*, 54 Ala.App. 620, 625, 311 So.2d 444, 449:

"There is another distinctive peculiarity of custody cases and decrees. They are interlocutory in nature, not final; the court retains a continuing jurisdiction. The decree is subject to modification if circumstances change affecting the best interest of the child. . . ."

We therefore find the trial court to have had jurisdiction to modify its own prior order and, further, did not err in exercising this jurisdiction.

### II

While counsel for appellant has favored this court with an excellant brief wherein he urges the evidence is not sufficient to support a modification of custody, we have in this instance no alternative but to affirm.

We find the following in the record:

"THE COURT:

"I expect to do it if the parties agree to it. I know the child is of very tender years, but I would like to talk to the child before I make my final decision.

"MR. KIMBROUGH:

"Your Honor, we do not object to it."

Additionally, the following is found in the record:

"THE COURT:

"Gentlemen, I want to talk to the young man. It may be if I could talk to him just—I want the Court Reporter with me. I don't want to take down what he says but I want the Court Reporter there with me. I realize the child is some six (6) years of age but I would like to talk to him."

Additionally, the trial judge referred to the in camera discussion with the child in his remarks to the parties at the close of the testimony.

As seen from the above, it is clear that the child testified in camera. It is also apparent that appellant made no objection to this procedure. In fact, he specifically stated he had no objection. It is further apparent that the child's testimony is not contained in the record.

As this court stated in *Hagler v. Hagler*, 50 Ala.App. 266, 269, 278 So.2d 715, 718:

> "This court, as well as the supreme court, (see *Ruck v. Ruck,* 265 Ala. 29, 89 So.2d 274) is aware of the practice of interviewing minor children in custody cases as was done in the case at bar. We also know that the private examination of children in such cases can in certain instances be more helpful in obtaining full and frank disclosures from them than if examined as ordinary witnesses."

Again, quoting from *Hagler, supra:*

> "It is apparent from the above that some of the minor children testified in camera. It is further apparent that this entire testimony is not included in the record. The Supreme Court of Alabama, whose decisions we are bound to follow [see Tit. 13, § 111(1), Code of Alabama 1940], has held in *Mason v. Mason,* 276 Ala. 265, 267, 160 So.2d 881, 882:
>
> > " 'It is a well-established rule that "we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us."
> >
> > . . .
>
> See also *Ruck v. Ruck, supra,* and *Silavent v. Silavent,* 281 Ala. 58, 198 So.2d 785. We note that both *Mason, supra,* and *Ruck, supra,* involved testimony given by children in camera." (50 Ala.App. at 269, 270, 278 So.2d at 718)

Here, the trial court found from all the evidence that the best interest of the child would be served by the child being in the custody of the father. He further concluded that there was evidence justifying a modification of custody. As seen from the above, all the evidence upon which the trial court made these findings is not before us. We must therefore, in this instance as in *Hagler, supra,* affirm.

In any event, this court has reviewed the entire record. A detailed recitation of the evidence is unnecessary. Suffice it to say there is evidence to support the trial court's conclusions. The trial court heard the evidence, observed the witnesses, and based its decision to modify the custody on these factors in arriving at its determination that the welfare of the child would best be served by appellee having custody. There is a strong presumption favoring the trial court's finding in cases of this class. See 2A Ala.Dig. *Appeal and Error* ⊜931(1).

The case is due to be affirmed.

AFFIRMED.

WRIGHT, P. J., and BRADLEY, J., concur.