This is a child custody case.
After an ore tenus hearing, the Circuit Court of Russell County awarded custody of a six year old female child of the parties to the mother. The father appeals and we affirm.
The dispositive issue is whether the learned trial judge abused his discretion in awarding custody to the mother.
The record reveals the following: The parties were divorced by decree entered December 3, 1975. The mother was granted custody of the minor child.
Approximately one year later, this decree was modified to incorporate a subsequent agreement of the parties. Under the new decree, the father obtained custody of the child. However, it was also provided that the child could elect to return to and reside with the mother at any time.
On August 20, 1979, a petition to modify was filed by the mother seeking permanent custody of the child. By oral counterclaim, the father also sought permanent custody.
The trial judge heard testimony as to the fitness of the parties to raise the child. He also conducted a private in camera interview of the child in which she apparently indicated a desire to return to the mother. Both parties consented to this interview. What transpired at the interview is not a part of the record before this court.
There followed a decree by the trial court which found, in essence, that both the mother and father were fit and proper parents who had the best interests of the child at heart. The trial court further found that the child was on very good terms with the mother's new husband and that the child desired to live with the mother. As indicated, the mother was granted permanent custody with liberal visitation rights afforded the father.
At the outset we note that in cases of this nature where the trial court hears and sees the witnesses we presume its judgment is correct. Furthermore, we will not revise the trial court's exercise of its discretion upon appeal unless we determine from the evidence that the trial court has plainly and palpably erred. Stewart v. Grace, Ala.Civ.App.,360 So.2d 1032 (1978).
Both parties attempted to show that the other was unfit. We do not deem it necessary or prudent to set out this testimony. However, of particular pertinence since the mother prevailed was testimony which revealed she had remarried since the prior decree, that the new husband was on good terms with the child and desired custody, and that the mother and her new spouse could provide a suitable and healthy environment to further the child's upbringing.
As indicated, in an in camera interview which was not recorded, the child apparently expressed a desire to live with the mother. This court has previously recognized the practice of interviewing children in this manner and has acknowledged that in certain instances such an examination can be helpful in obtaining full and frank disclosures. We have accordingly held that when the parties agree to the examination in camera, as was present here, there is no error in the examination itself. Furthermore, it is well established that a finding of fact will not be disturbed where a trial court has evidence before it which may have influenced it in arriving at its finding of fact and such evidence is not before this court. See, Hagler v.Hagler, 50 Ala. App. 266, 278 So.2d 715 (1973), and cases cited therein.
However, we are not to be understood as intimating that the child's preferences are to be viewed as anything more than a factor in aiding the trial court to make its disposition of the custody issue. This is true even in this instance. The trial judge must ultimately base his decision on *Page 569 
what is in the best interest of the child. Hagler v. Hagler,supra. Therefore, although the child's wishes are to be given much weight, they are not controlling. Campbell v. Campbell, Ala.Civ.App., 377 So.2d 1098 (1979).
Here, the trial judge found the mother to be fit. There is evidence to support this conclusion.
Where the evidence is as indicated, and the mother is found to be a fit parent, we find no error in awarding the mother custody.
The judgment in this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.