EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
On December 29, 1978, the parties were married at Fort Benning, Georgia, where the husband was stationed as an army officer. He lived on the post at that time. The wife had resided in Columbus, Georgia, for approximately two months, but, for the month preceding their marriage, she had resided with her parents in Russell County, Alabama, having moved there in anticipation of her marriage and of his already pending assignment to Germany. The wife was a legal resident of Alabama. The husband’s domicile at the time of the marriage and at the time of the trial was in the state of Washington.
After spending their wedding night in Columbus, Georgia, the parties stayed at the home of the wife’s parents until January 9, 1979, when he left for his new station in Germany for a three-year tour of duty. The wife testified that their approximate ten-day stay at her parents’ home was temporary and that the husband did not change his legal residence, did not buy any Alabama property of any nature, did not register to vote in Alabama, and did not apply for an Alabama driver’s license. During that ten-day period, he did no act in Alabama other than to come to her parents’ home after work each day. Those few days which he spent in the home of the wife’s parents constituted the only time that the husband ever lived in Alabama and it was the only contact with this state which is established by the evidence. There is no evidence that any problem or difficulty occurred between this couple before he went overseas.
The wife joined her husband in Germany in February 1979, where they lived together until August 1980, when the parties separated and the wife returned to her parents’ home. The husband remained in Germany until December 1981. A child was born on April 16,1981. At the time of the February 1982 trial he was again stationed at Fort Benning.
Through an Alabama circuit court, the wife sought and obtained a divorce and other affirmative relief. The husband was served with a copy of the summons and complaint by certified mail while he was still in Germany.
The trial court properly granted a divorce. The wife, by allegations and proof, has shown compliance with the six months residence requirement of § 30-2-5, Code 1975. As to the divorce, the circuit court had jurisdiction over the wife as an Alabama resident and over the marital res. However, a judgment as to a child’s paternity and support is a personal judgment which requires that the court have personal jurisdiction over the person of the husband. Lightell v. Lightell, 394 So.2d 41 (Ala.Civ.App.1981). The primary issue before this court is whether the husband had sufficient contacts with this state so as to confer upon the courts of Alabama in personam jurisdiction over him by reason of extraterritorial service of process upon the husband by certified mail. That jurisdictional problem was properly raised by the husband and the decision of the trial court thereon was adverse to him.
In the instant case, the husband had far less contact with Alabama than did the husband in Corcoran v. Corcoran, 353 So.2d 805 (Ala.Civ.App.1978). There it was held that such minimum contacts did not exist so as to allow personal jurisdiction in *32 this state over the husband. The facts in the present case dictate the same result.
On this appeal, the husband seeks a reversal of those portions of the judgment (1) which pertain to the child in any respect, (2) to child support and (3) whereby the husband was ordered to pay the wife’s attorney’s fees. For the reasons heretofore set forth, we are required to reverse as to those three aspects of the judgment. However, all of the other provisions of the judgment are hereby affirmed. The wife’s request for an attorney’s fee on appeal is denied.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
All the Judges concur.