EDWARD N. SCRUGGS, Retired Circuit Judge.
The original opinion of this court of September 1, 1982, 443 So.2d 31, was reversed and remanded by the supreme court, 443 So.2d 32, and, in accordance with that court’s mandate of July 27, 1983, this court’s September 1, 1982 opinion in this cause is set aside and held for naught.
*35 The supreme court referred this matter to this court for further proceedings. Other issues were raised by the husband’s appeal which were not considered or decided in this court’s 1982 opinion. After remand, this court rendered an opinion upon those other issues on August 24, 1983. The husband filed an application for rehearing which is well taken and which is granted. The opinion in this cause dated August 24, 1983, is withdrawn and the following is substituted therefor.
The husband disputed that he was the father of the child born to the wife, and he moved that the trial court require the wife and child to submit to a physical examination in the nature of blood grouping tests. Notice of that motion was provided to the wife, and an evidentiary ore tenus hearing was held. The trial court initially granted the husband’s motion for blood group testing. Subsequently, however, the trial court considered Mason v. Mason, 276 Ala. 265, 160 So.2d 881 (1964), and the husband’s motion for the laboratory tests was then denied. From the comments made at the trial by the circuit court, it is clear that that final ruling upon the motion was solely based upon the trial court’s opinion that it had no authority to order the tests. However, in a divorce case it is now within the judicial discretion of the trial court to order, or refuse to order, the blood group testing of the parties and of a child. Balfour v. Balfour, 413 So.2d 1167 (Ala.Civ.App.1982). We are convinced from the remarks of the learned trial court that no discretion was exercised by it when that court rendered its order overruling the husband’s motion for blood group testing. The trial court should have the opportunity to decide whether, in the exercise of that court’s judicial discretion, the blood grouping tests of the parties and child should be ordered, or whether the tests should be denied, and we reverse and remand this case to the circuit court for that determination to be there made.
The husband’s discovery through written interrogatories propounded to witnesses in Germany shall be promptly allowed and completed if the husband elects to proceed with that discovery. Thereafter, in the trial court’s discretion, additional evidence may be presented upon the blood grouping tests problem before the submission of that issue for the trial court’s decision. We do not impliedly, or otherwise, express any opinion as to what action the trial court should take upon that question; but, if the husband’s motion for the laboratory tests is granted, the trial court would be then authorized to hear additional evidence, after the test results are available as evidence, and to determine the paternity of the child, child support and related issues in any and all respects as if such matters had never been decided by the trial court in the original divorce judgment, and, in that regard, the court may consider the previously heard evidence along with any newly presented evidence.
OPINIONS OF THIS COURT DATED SEPTEMBER 1, 1982, AND AUGUST 24, 1983, ARE SET ASIDE AND HELD FOR NAUGHT.
APPLICATION OF APPELLANT FOR REHEARING GRANTED.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.