BRADLEY, Judge. '
This is a child custody modification case.
The parties to this proceeding were divorced on June 14, 1979. The custody of the only child of the marriage was awarded to the mother. On May 24, 1983 the father filed a petition to change the custody of the child from the mother to him. After an ore tenus hearing, custody of the child was changed from the mother to the father. The mother appeals.
The evidence shows that subsequent to the divorce the mother married Edward Brunson. They were married for a period of seven months before they were divorced.
*330 Brunson testified that prior to the time the mother and he were married he stayed overnight at the mother’s house on many occasions when the child was present. Mr. Brunson stated that he was sure that the child had seen him and the mother going into and coming out of the bedroom together.
Brunson said that he had heard the mother use curse words in the presence of the young child and that the mother allowed the child to stay with the mother’s parents “quite a bit.”
Brunson and the mother were divorced on December 1, 1982. The mother married Michael Firestone on June 17, 1983, which was after the petition for modification was filed, but four days before the first scheduled hearing date.
There is also evidence that Firestone stayed at the mother's house prior to their marriage when the child was present. He even had a key to her house during this time. The mother said that she and Firestone napped together when the child was present, and that the child even took a nap with them on occasion.
The evidence revealed that the child spent a good bit of time with the maternal grandmother and that he stayed with his father more than the visitation schedule during the period from January 1983 to about April 1983. The child also spent most of the summer of 1982 with his father.
The child testified that he would rather stay with his father than with his mother. He said he got along better with his stepmother’s children than he did his stepfather’s children.
The father has been married for about two years. He said that the child is loved by his new wife and they get along very well. The evidence reveals that the father takes the child to church, but there is no indication that the mother does so.
The father said that the mother would on occasion forcibly put the child in her car after visitation because the child did not want to go back to the mother’s home. The mother also indicated that she was having problems handling the child but that she thought she could work them out.
The mother argues here that the trial court abused its discretion in changing custody of the child from the mother to the father.
Where the trial court hears evidence orally, its judgment is presumed correct and will not be overturned except for a showing that it is plainly and palpably wrong and thus an abuse of the court’s discretion. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App.1979). To overcome the presumption of correctness, there must be evidence of a material change in circumstances since the last decree affecting the best interests and welfare of the child, necessitating a change in custody. Alford v. Alford, supra. The burden of proof is on the party seeking modification. Pons v. Phillips, 406 So.2d 932 (Ala.Civ.App.), cert. denied, 406 So.2d 935 (Ala.1981).
Although a parent will not be denied custody for every act of indiscretion, evidence of infidelity has a direct bearing on the fitness of a parent to have custody of its child. Sain v. Sain, 426 So.2d 853 (Ala.Civ.App.1983). And, which parent a child wishes to live with in a custody dispute is a factor to be considered by the trial court; however, such wish is not controlling. Livengood v. Sechler, 382 So.2d 567 (Ala.Civ.App.1980).
The evidence shows that the mother permitted men to stay with her at her house over an extended period of time in the presence of her young son. During this period the child spent a lot of time with his father and grandmother. It was shown that the child preferred living with his father and one of the reasons was that he got along much better with his stepmother’s children than he did with his stepfather’s children.
There was evidence that the mother was having problems with the boy and the father was not. It was stated by the mother that the father took the child to church, but *331 she gave no indication that she did the same.
In view of the strong presumption of correctness accorded the trial court’s decision in a case of this nature, we cannot say that its judgment is so plainly and palpably wrong as to amount to an abuse of its discretion. The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.