Chapman v. Chapman.

## CHAPMAN vs. CHAPMAN.

1. It is the duty of a wife who sues for a divorce, to cease cohabitation with her husband until the termination of the suit.

2. Where a wife files her bill for divorce on the ground of adultery, the husband will not, because the wife claims to be the owner of the house in which they dwell, be compelled to leave it until it shall be determined by the result of the litigation whether the charges against him are well founded or not.

On petition and affidavits, and answer.

*Mr. C. H. Winfield*, for petitioner.

*Mr. J. Flemming*, for defendant.

THE CHANCELLOR.

The complainant has filed her bill in this suit for a divorce *a vinculo*, on the ground of adultery. The defendant has answered, and each of the parties has taken testimony. The

complainant now files her petition in the cause, praying that the defendant may be restrained from entering into or remaining in the house in which they reside, in Jersey City, from this time forward till the termination of the suit, and from annoying, disgusting or disturbing her therein.   The petition complains of the defendant's conduct in the house.   There was no application for alimony in the cause.   It appears from the answer to the petition, that the complainant is in receipt of an income of $2000 a year from her separate estate.   Each of the parties claims to be the owner of the house.   The complainant admits that the defendant is owner of part of the furniture in the house.   The complainant, having filed a bill of divorce from her husband on the ground of adultery, was not only at liberty to cease cohabitation with him until the termination of the suit, but it was her duty to do so.   *Marsh* v. *Marsh*, 1 *McCarter* 316 ; *Sullivan* v. *Sullivan*, 2 *Addams* 299 ; 2 *Bishop on Marriage and Divorce*, § 384.   "When a suit is pending," says Bishop, "for divorce from bed and board, or from the bond of matrimony, or for declaring a marriage duly solemnized void from the beginning, it is legally improper for the parties to live in matrimonial cohabitation, whatever is to be the result of the suit.   Even if the husband offers to support the wife in his own house, with separate beds, she should not accept the offer.   Therefore the single fact that the suit is pending, is alone sufficient to entitle the wife, who has no adequate means of her own, whether plaintiff or defendant, to alimony during its pendency."   Says Chancellor Green on this subject, in Marsh *v.* Marsh, "A regard to public decency, as well as the settled usage of the court, requires that under such circumstances the parties should not live together."   The wife, in this case, is under no hard necessity to continue her cohabitation with her husband, especially in view of her pecuniary independence of him.   But she claims that inasmuch as she is the owner of the house, and of a considerable part of the furniture therein, she ought not to be required to leave her property, but on the other hand her husband should be required to leave the house.   In sup-

port of this claim much stress was laid, in the argument, on the fact that, according to the construction put upon the act of 1870 by the petitioner's counsel, the wife, in such a suit as this, is not a competent witness to prove anything but her marriage to the defendant, and that, therefore, if the defendant should apply for permission to amend his answer, to set up condonation as a defence, and the permission should be accorded, she would be unable to meet the charge by her own testimony. But she may escape all liability to this apprehended difficulty and all annoyance from her husband by removing from the house. Should she do so, the court would protect her rights of property. In this case the husband is already under the injunction of this court in another suit, brought by the wife against him, restraining him from disposing of that part of the furniture in the house which is claimed by her as her separate property. Moreover, the parties in this case, though living under the same roof, occupy separate apartments. Their relations are apparently hostile. Each complains of the animosity of the other. There appears to be no lack of witnesses in the house, and they do not seem to be unfriendly to the petitioner. The defendant, if the construction of the act of 1870, above mentioned, be conceded, will be, equally with her, disqualified from testifying in the cause as to anything except the marriage. There would seem to be no substantial ground for the apprehension on which this application is based. The question here is, whether this court will exclude the defendant from the house in which he and his wife reside with their family, and where as yet he has a right to dwell, merely because his wife has filed her bill for divorce on the ground of adultery. To do so would, to say the least of it, be to prejudge him. Certainly, the proposition that a husband against whom his wife files a bill for divorce on the ground of adultery, is, in case she claims to be the owner of the house in which they dwell, to be banished from his home until it shall have been determined by the result of the litigation whether his wife's charges are well or

ill-founded, is novel and extraordinary. It cannot be maintained. The prayer of the petition is denied, and the petition dismissed.