89 N.J. Super. 510 (1965)
215 A.2d 575
CHARLES A. CONA, STEPHEN P. RADICS AND IDA CONA DILORENZO, PARTNERS TRADING AS CONRAD BROKERS, PLAINTIFFS,
v.
RONALD GOWER AND BETTY GOWER, HIS WIFE, NEW JERSEY MORTGAGE AND TITLE COMPANY, FREDERICK R. HOFFMAN, MIDLAND PARK LUMBER & SUPPLY CO. INC., POMPTON PLUMBING & HEATING SUPPLY COMPANY AND THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 6, 1965.
*512 Mr. Bernard G. Goldstein for plaintiffs (Messrs. Goldstein & Albert, attorneys).
Mr. Thomas S. Murphy for defendant New Jersey Mortgage and Title Company (Messrs. Gassert & Murphy, attorneys).
Mr. John P. Goceljak for defendants Frederick R. Hoffman and Midland Park Lumber & Supply Co. Inc. (Messrs. Merrey & Merrey, attorneys).
MATTHEWS, J.S.C.
Plaintiffs instituted this action seeking to foreclose a mortgage given to them by defendants Gower covering real estate situated in the Borough of Oakland, Bergen County, commonly known and designated as Lots 16A and 16B in Block 3608, on a filed map known as Ramapo Mountain Lakes Section 3, to secure a bond in the principal amount of $2,800 due and payable on June 19, 1962. The mortgage was dated January 19, 1962 and was recorded January 25, 1962 in the office of the Bergen County Clerk. There is no dispute but that at the time this mortgage was given, the mortgagors did not have title to the property covered by it, and further, that they did not acquire title to the same until June 1, 1962 by a deed which was recorded on June 14, 1962.
After acquiring title to the premises in question as afore-mentioned, defendants Gower gave a construction mortgage to defendant New Jersey Mortgage and Title Company (New Jersey Mortgage) to secure a bond given by them in the principal amount of $13,500. This mortgage was dated August 24, 1962, and was recorded on September 4, 1962 in the office of the Bergen County Clerk. At the time that the mortgage was given to New Jersey Mortgage, a binder of title insurance was issued by New Jersey Realty Title Insurance Company, insuring the principal amount to be advanced under the mortgage. That binder contained a reference to the mortgage given to plaintiffs herein, with the notation "to be *513 cancelled." The attorney issuing the binder on behalf of the applicant, New Jersey Mortgage, was the same person who drew and attended to the execution and recording of the mortgage given to plaintiffs herein. It is not disputed that defendant New Jersey Mortgage had actual notice of the existence of plaintiffs' mortgage. See R.S. 46:17-3.1.
Thereafter, both of the mortgages mentioned came into default. On or about March 9, 1964 plaintiffs commenced the instant action by filing a complaint with the clerk of the court. On March 10, 1964 a notice of lis pendens was filed with the Clerk of Bergen County, and the filing was noted on the margin of the recorded mortgage. In its complaint plaintiffs joined New Jersey Mortgage, which was duly served with process. New Jersey Mortgage filed an answer through present counsel wherein it contested both the validity and priority of plaintiffs' mortgage.
On April 22, 1964 defendant New Jersey Mortgage instituted an action in this court under Docket F 3249-63, seeking to foreclose its mortgage on subject premises. A lis pendens was filed on April 29, 1964. In that proceeding New Jersey Mortgage was represented by counsel other than counsel appearing in this cause. The complaint filed in the subsequent action joined plaintiffs in this proceeding as a defendant therein, and set forth an allegation that the mortgage given to them was null and void in that defendants Gower were not the owners of the premises covered by the mortgage at the time the same was given. Although served with process, and despite the allegations that any interest claim or any lien of plaintiffs to the premises in question was subject to the lien of the mortgage of New Jersey Mortgage, plaintiffs herein failed to file an answer or any appearance in the subsequent action. Default was entered on June 19, 1964. Final judgment of foreclosure was entered and execution issued to the Sheriff of Bergen County. Following public advertisement, the mortgaged premises were struck off and sold by the sheriff on September 21, 1964. New Jersey Mortgage purchased the premises at the sale. Subsequently, the premises were purchased *514 by defendant Midland Park Lumber & Supply Co. Inc., a mechanic's lienor, and thereafter sold to third parties. No contention is advanced that either of the subsequent purchasers had notice of the existence of the mortgage of plaintiffs herein, except as contained in the complaints for foreclosure. It should also be mentioned that because of the operation of certain objective administrative procedures in the Bergen vicinage of this court, the complaint in the instant action was referred to me for disposition, while the complaint in the action instituted by New Jersey Mortgage was referred to the Chancery Division judge sitting in Hackensack.
The validity of plaintiffs' mortgage cannot be disputed. See Den ex dem. Wyckoff v. Gardner, 20 N.J.L. 556 (Sup. Ct. 1846); Morris v. Glaser, 106 N.J. Eq. 570 (Ch. 1929); Tully v. Taylor, 84 N.J. Eq. 459 (E. & A. 1915). Nor can it be disputed, disregarding the novel question presented here, that the actual notice given to defendant New Jersey Mortgage of the existence of plaintiffs' mortgage was sufficient to give plaintiffs priority to the subsequent mortgage given to defendant New Jersey Mortgage. R.S. 46:17-3.1, supra; Willink v. Morris Canal & Banking Co., 4 N.J. Eq. 377 (Ch. 1843); Essex County National Bank v. Harrison, 57 N.J. Eq. 91 (Ch. 1898).
Defendant New Jersey Mortgage argues that since the questions of the validity and priority as between the respective mortgages of plaintiff herein and that of defendant were placed directly in issue in the second foreclosure suit instituted by New Jersey Mortgage, the determination and final judgment in that action cannot now be disturbed under the doctrine of collateral estoppel. In addition, they contend that the judgment in Docket F 3249-63 must be accepted as res judicata in these proceedings, since the instant plaintiffs were joined as defendants and the subject matter of the action therein concluded was identical to the issue presently before this court. They argue that since these plaintiffs stood by in silence, it would be inequitable now to permit them to object in any manner to the final judgment obtained by defendant *515 New Jersey Mortgage. See City of Trenton v. Howell, 132 N.J. Eq. 125 (Ch. 1942).
While no explanation has been given for the failure of the instant plaintiffs to plead in or otherwise defend the subsequent action instituted by New Jersey Mortgage, plaintiffs contend that it would be inequitable to permit New Jersey Mortgage to profit by the bizarre series of events which have transpired in these actions; especially in view of the fact that its complaint and answer in this action squarely raised the issue before this court, and thus rendered the subsequent action wholly unnecessary, if not improper. This argument is supported, plaintiffs contend, by the undenied actual notice of the existence of plaintiffs' mortgage by defendant New Jersey Mortgage at all times prior to the institution of either action.
Generally, a prior mortgagee is not bound to notice the complaint of a subsequent mortgagee filed to foreclose his mortgage even though he is named as a defendant in the complaint. This is because the interest mortgaged to the subsequent mortgagee is regarded as an interest subject to the prior mortgage. Gihon v. Belleville White Lead Co., 7 N.J. Eq. 531, 535 (Ch. 1849). However, where a claim of priority is contested in an action, the alleged senior claimant is bound to disclose his title or interest by answer in the action. See Chadwick v. Island Beach Co., 43 N.J. Eq. 616, 623 (E. & A. 1887); Fidelity Realty Co. v. Fidelity Corp. of New Jersey, 109 N.J. Eq. 331 (Ch. 1931).
Without question, the second action instituted under Docket 3249-63 by New Jersey Mortgage would have been stayed by this court or, at least, consolidated with this action, if it had been informed of the existence of both actions. Procedurally, plaintiffs herein might have moved under R.R. 4:12-2 in the second action, setting up the existence of this action as a bar to the relief sought in that cause. Technically, all defenses, other than failure to state a cause of action or to join an indispensable party, are waived if not pleaded. See R.R. 4:12-8. It seems to me, however, considering the factual situation *516 existing between the parties at the time both actions were instituted, that a resolution of the problem based upon technical adherance to procedural precedents or the rules of court will not serve the attainment of justice. The court is faced with this dilemma: both of the subsequent purchasers following the sheriff's sale must be conceded to have been bona fide without notice. In reliance on those proceedings, both have changed position, and any action of this court which would tend to upset either the judgment of foreclosure in Docket F 2349-63, or the sheriff's sale, could only serve to damage either or both of those parties. The ultimate purchaser of the premises in question (who has not been made a party to these proceedings) is entitled to a secure title and peaceful possession. While it is true that the unilateral choice of the plaintiffs in not filing a pleading in the subsequent foreclosure action might be termed technically negligent, I am satisfied, under the facts here, that to recognize such a defense can only serve to frustrate a proper resolution of the problem. This observation is made because of the unquestioned knowledge as to the existence of plaintiffs' mortgage which must be imputed to defendant New Jersey Mortgage at the time it took its mortgage from the Gowers and thereafter instituted the subsequent foreclosure action. In fairness, it must be emphasized that neither counsel for New Jersey Mortgage in this action nor counsel for that defendant (as plaintiff) in the subsequent action were privy to the actual mortgage transactions. I have no doubt but that the pleadings in both causes were both drawn and filed with the utmost good faith. Counsel who represented plaintiffs herein and New Jersey Mortgage at the time each of the respective mortgages was taken has had no participation in either cause.
It is universally recognized that equity will not suffer a wrong without a remedy. This maxim is derived, Professor Pomeroy informs us, from the more comprehensive legal maxim that wherever a legal right has been infringed a remedy will be given. The equitable maxim is the source of the entire equitable jurisdiction, whether it be exclusive, concurrent *517 or auxiliary. See 2 Pomeroy Equity Jurisprudence (5th ed., Symons), § 423. The wrong suffered by plaintiffs here is the destruction of their concededly valid mortgage, albeit through pure inadvertence. It follows, therefore, as a matter of conscience within the equitable sense, considering the circumstances of actual notice, that New Jersey Mortgage should not be protected by the earlier judgment of this court, and thus profit at the expense of plaintiffs. Invoking the inherent jurisdiction of this court, I am constrained to conclude that defendant New Jersey Mortgage must be found to have visited an equitable fraud upon this court in prosecuting the subsequent action for foreclosure. The perpetration of such fraud places it, consequently, in the position where it must be found to be constructive trustee of the proceeds arising out of the sales of the mortgaged premises to the extent of the principal amount of plaintiffs' mortgage, together with the interest due thereon and the actual costs of this action. Nothing in this conclusion shall be deemed to disturb in any way the judgment entered in Docket F 3249-63, or the execution sale held subsequent thereunder by the Sheriff of the County of Bergen.
A judgment conforming to the conclusion herein expressed may be submitted on consent or on notice to all parties. No costs as against defendants Midland Park Lumber & Supply Co. Inc., Frederick R. Hoffman, or Pompton Plumbing & Heating Supply Company.