106 N.J. Super. 108 (1969)
254 A.2d 323
BESSIE L. ROBERTS, PLAINTIFF,
v.
CHARLES L. ROBERTS, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
June 12, 1969.
*109 Mr. Edward S. Snyder for plaintiff (Messrs. Rudd, Ackerman & Breitkopf, attorneys).
Mr. Paul N. Silverman for defendant (Messrs. Silverman & Bergstein, attorneys).
CONSODINE, J.C.C. (temporarily assigned).
Plaintiff seeks in a matrimonial action to enjoin defendant pendente lite from entering the marital home owned as tenants by the entirety, predicated on physical extreme cruelty. No minor children are involved.
Defendant argues that there is no authority in this State authorizing a court of equity to expel a tenant by the entirety from his home.
Our Constitution (N.J. Const. 1947), Art. VI, § III, par. 2, gives the Superior Court original general jurisdiction in all causes. This includes jurisdiction in equity matters.
R.R. 4:98-4 and 4:67 correlate in providing for pendente lite relief by way of preliminary restraints and in making provision for injunctive relief in this court.
One of the maxims of equity is that equity will not suffer a wrong without a remedy. This is the very foundation of equity as it has come down to us. 2 Pomeroy, Equity Jurisprudence (5th ed. 1941), § 423. Concerning the use of this maxim by our courts, see Orland Properties, Inc. v. Broderick, 94 N.J. Super. 307 (Ch. Div. 1967); Cona v. Gower, 89 N.J. Super. 510 (Ch. Div. 1965).
Under the general equity power this court has the authority to grant the relief sought. However, we should be reluctant to exercise the power on the content of conflicting affidavits. Such a factual impasse calls for the taking of testimony before the court.
This court also has statutory jurisdiction under N.J.S. 2A:34-23 (formerly R.S. 2:50-37). Similar relief was sought and granted in Burger v. Burger, 6 N.J. Super. 52 (App. Div. 1949), where the exclusion of a party from rented quarters was premised on the duty of the court to protect *110 children. The Burger case casts no doubt on the broader statutory authority of the court.
The statute involved harks back to 1794 (Pat. L. of 1794, p. 143) but finds it pertinent ancestry in L. 1818, p. 20, which materially broadened its scope. As presently enacted the statute gives the court the same authority to act on behalf of the wife as it does to act for the benefit of the children.
Chapman v. Chapman, 25 N.J. Eq. 394 (Ch. 1874), has been cited by legal encyclopediae as representing a dissent to the majority opinion that courts have the power to exclude a husband from a marital domicile pendente lite, e.g., 24 Am. Jur.2d, Divorce and Separation, § 1003, p. 1143. The case does not stand for this oft-stated proposition. Rather, it merely states that the mere filing of a complaint charging adultery, and where there is no substantial ground for apprehension, is not sufficient to remove the husband from the home which the wife claims she owns.
Other jurisdictions have held, under the general equity power of the court or by statute, that on a positive showing of certain and immediate necessity to protect the safety of person or property the power of the court will be exercised where there has been harm or threat of harm evidencing a danger of future injury or damage if the husband is not excluded from the home. See Hardin v. Hardin, 277 Ala. 318, 169 So.2d 762 (Sup. Ct. 1964); Hendrie v. Hendrie, 118 Fla. 478, 159 So. 667 (Sup. Ct. 1935); Lerner v. Lerner, 21 App. Div.2d 861, 251 N.Y.S.2d 400 (App. Div. 1964); Ex Parte Cattell, 146 Ohio St. 112, 64 N.E.2d 416, 164 A.L.R. 312 (Sup. Ct. 1945); Reed v. Reed, 149 Wash. 352, 270 p. 1028 (Sup. Ct. 1928).
There is no real property question involved as between the parties. Lohmann v. Lohmann, 50 N.J. Super. 37, 46 (App. Div. 1958).
I hold that the authority to act on the motion is found both in our general equity jurisdiction and in our statutory law. On the facts, however, I direct that testimony be taken in open court.