157 N.J. Super. 128 (1978)
384 A.2d 574
ROSEMARIE P. BABUSHIK, PLAINTIFF,
v.
PETER BABUSHIK, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 16, 1978.
Mr. Robert J. Citrino, Jr. for plaintiff (Messrs. Citrino, Balsam & DiBiasi, attorneys).
*129 Mr. Leigh R. Walters for defendant (Messrs. LaCorte, LaCorte & Walters, attorneys).
DUFFY, J.S.C.
This case presents the issue of whether a woman may exclude her husband from the marital home, held in her name alone, solely for the purpose of establishing different habitations for the 18 months separation ground of divorce.
The parties were married May 12, 1956 and have two children ages 19 and 16. About five years ago plaintiff's mother transferred title to the house in Nutley to plaintiff alone. Marital difficulties arose and after a conference between the parties and their attorneys defendant agreed to move out of the house. He left to live with his mother on November 1, 1977. Defendant returned January 27, 1978 and forcibly, due to changed locks, reentered the premises. Plaintiff sought by order to show cause and a complaint for injunctive relief to enjoin defendant from entering the marital home.
Plaintiff admittedly has no cause of action for divorce and has not filed a complaint for divorce. Jurisdiction exists under R. 4:75 because this is an action "directly involving the status of marriage," and a claim "between spouses * * * as to property claimed to be owned by them."
The authority to enjoin a husband from the marital home held in tenancy by the entireties upon a showing of danger to the wife or property is firmly established. Roberts v. Roberts, 106 N.J. Super. 108 (Ch. Div. 1969). This principle was extended to exclude a mentally disturbed and alcoholic wife from the marital home in the best interests of the children. S. v. A., 118 N.J. Super. 69 (Ch. Div. 1972). This case is distinguishable from Roberts and S. v. A. on two grounds: first, the house is owned solely by the wife and not by the husband and wife as tenants by the entirety; second, there is no showing, or even allegation, of danger to the wife, children or property. The prominent elements of Roberts and S. v. A., one spouse's substantial property *130 interest and the other's need for protection, are absent here. Nevertheless, this court enjoins defendant from entering the marital home.
The public policy of New Jersey is to terminate dead marriages. See Final Report to the Governor and the Legislature of the Divorce Law Study Commission, 73 (May 11, 1970). What better evidence of a dead marriage is there than one spouse seeking to enjoin the other from the marital home. However, a showing that a particular marriage is dead is not enough. The parties and situation must meet the specific criteria established by the Legislature before the court may query the marriage's viability. Ellam v. Ellam, 132 N.J. Super. 358 (Ch. Div. 1975). The question in the present case becomes, who must bear the burden of establishing the different habitations required by N.J.S.A. 2A:34-2(d) and De Rienzo v. De Rienzo, 119 N.J. Super. 192 (Ch. Div. 1972). Where, as here, the wife, who is the sole owner of the house, wishes to remain with the children; the wife has requested her husband to leave; the husband has left and the husband seeks to return against the wishes of his wife, equity demands that the husband bear that burden. To hold otherwise would require plaintiff, the party with the superior property interest, to abandon her home to defendant while she awaits the running of the 18-month period.
Plaintiff's course of action, however, may not be without consequence to her. Although not required to answer the question, because it is not presently before it, the court cannot help but speculate what effect plaintiff's actions would have upon a counterclaim for desertion by defendant under N.J.S.A. 2A:34-2(b). See Good v. Good, 135 N.J. Super. 56 (Ch. Div. 1975).
It is important to note that neither party has sought support. Clearly, any application for support would have to be viewed in light of plaintiff's occupancy of the home and defendant's necessity to obtain other living accommodations.
*131 A word concerning procedure must be added. In Roberts the court directed that testimony be taken in open court to settle the factual impasse created by conflicting affidavits. In the case at bar there is no conflict in the affidavits raising a genuine issue of material fact. Defendant admitted that his mother-in-law conveyed the house to plaintiff alone and that he had moved out. To require testimony at this stage would accomplish nothing.
The court's order, which follows, is of necessity an interlocutory injunction pursuant to R. 4:52, because R. 4:67-1 prohibits summary judgment in matrimonial matters.
This decision shall in no way prejudice either party's claims for equitable distribution of the marital home. Defendant shall leave the marital home immediately and he is enjoined and restrained from reentering. Plaintiff is enjoined and restrained from disposing of the home and any furniture, furnishings and personal property contained therein pending further order of the Court.