**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1599-19T1

WELLS FARGO BANK, N.A.,

 Plaintiff-Respondent,

v.

RAYMOND C. HERZINGER,
AND KATHLEEN D.
HERZINGER, HIS WIFE,

 Defendant-Appellants.

_____

Submitted October 5, 2020 – Decided December 4, 2020

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-004033-17.

Raymond C. Herzinger, appellant, pro se.

Reed Smith, LLP, attorneys for respondents, Wells Fargo Bank, N.A. (Henry F. Reichner, of counsel; Diane A. Bettino and Ethan R. Buttner, on the brief).

Finestein & Malloy, LLC, attorneys for respondents, Buckingham Equities, LLC (Russell M. Finestein, of

counsel; Russell M. Finestein & Corrine LaCroix Tighe, on the letter brief).

PER CURIAM

Defendants, Raymond C. Herzinger and Kathleen D. Herzinger, appeal from the trial judge's November 8, 2019 orders denying their motion to compel monetary compensation from plaintiff, Wells Fargo Bank, and reinstating the foreclosure complaint we previously ordered to be dismissed without prejudice. After carefully reviewing the record, we affirm substantially for the reasons set forth in Judge Francis R. Hodgson's comprehensive written opinion.

We presume the parties are familiar with the procedural history and facts of this residential foreclosure litigation, which are set forth in our prior opinion and need not be repeated at length. Wells Fargo Bank, N.A. v. Herzinger, No. A-5141-17 (App. Div. July 19, 2019) (slip op. at 3–4). Judge Hodgson granted summary judgment for Wells Fargo after determining that defendants had defaulted on their residential mortgage and the bank had standing to enforce the mortgage note. We affirmed those findings. Defendants also argued they had not received notice of intent to foreclose (NOI) in accordance with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68. Based on the record then before us, we determined that Wells Fargo had not presented sufficient proof

that it served the NOI by certified mail, return receipt requested, as required by the FFA. On that basis, and that basis alone, we reversed the grant of summary judgment and remanded with instructions to dismiss the complaint without prejudice. Herzinger, slip. op. at 15. On the same day we issued our opinion, Judge Hodgson dutifully complied with our remand instructions.

Thereafter, defendants filed a motion to compel Wells Fargo to compensate them for the full value of the property, which had been sold in a sheriff's sale during the pendency of the initial appeal. The third-party purchaser, Buckingham Equities, filed a motion to intervene, arguing that it was an innocent third-party and that the equities weighed against vacating the sale. Wells Fargo filed a cross-motion seeking to reinstate the foreclosure action in which, for the first time in this litigation, it presented photocopies of NOIs that had in fact been served on defendants by certified mail, return receipt requested. Wells Fargo also provided the certified mail receipts that clearly bore defendant Raymond Herzinger's signature.

Judge Hodgson conducted a hearing on September 27, 2019. He queried defendants as to the representations they previously made regarding the claimed lack of notice. Based in part on that colloquy, Judge Hodgson permitted Wells Fargo additional time to submit a certification authenticating the NOIs and

A-1599-19T1

signed return receipt cards. Wells Fargo thereafter produced a certification of its Vice President of Loan Documentation.

On November 8, 2019, Judge Hodgson convened a second hearing during which he accepted the documents proffered by Wells Fargo under the Business Records Exception. N.J.R.E. 803(c)(6). Judge Hodgson denied defendants' motion to compel compensation. He granted intervenor status to Buckingham Equities and also granted plaintiff's cross-motion to reinstate the complaint.

In addition to his oral decision, Judge Hodgson issued a seven-page written opinion. Notably, he found that Wells Fargo "provide[d] unassailable proof that defendants were properly served and that when defendant denied receiving the NOI before the trial [and] appellate courts[,] he was demonstrably mistaken." In light of "the misstatements offered by defendants before the Appellate Court," the judge reasoned that it would serve no purpose to re-litigate issues in a new foreclosure action considering that we had already affirmed Wells Fargo's substantive case for foreclosure and had reversed the summary judgment ruling based solely on the NOI issue. Accordingly, Judge Hodgson exercised his equitable power to reinstate the foreclosure action.

The case now returns to us. Defendants contend that Judge Hodgson erred by (1) not enforcing our decision, (2) denying their motion for compensation,

and (3) accepting the certified mail return receipts "as new evidence to overturn the appellate court's ruling relitigating the summary judgment."

We begin our analysis by acknowledging that the scope of our review is limited. An application to open, vacate or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard of review. United States ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 502 (2008) (citing Wiktorowicz v. Stesko, 134 N.J. Eq. 383, 386 (E. & A. 1944)). We accord the trial court's determination "substantial deference," and will not reverse the court unless its ruling "results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "[A]n abuse of discretion [occurs] when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Furthermore, "a judge sitting in a court of equity has a broad range of discretion to fashion the appropriate remedy in order to vindicate a wrong consistent with principles of fairness, justice, and the law." Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 514 (2019) (quoting Graziano v. Grant, 326 N.J. Super. 328, 342–43 (App. Div. 1999)). In the same vein, "a

court of equity should not permit a rigid principle of law to smother the factual realities to which it is sought to be applied." Grieco v. Grieco, 38 N.J. Super. 593, 598 (App. Div. 1956). Indeed, equity will not suffer a wrong without a remedy, and "regards as done that which ought to be done." Graziano, 326 N.J. Super. at 342 (citing Roberts v. Roberts, 106 N.J. Super. 108, 109 (Ch. Div. 1969), and Wohlegmuth v. 560 Ocean Club, 302 N.J. Super. 306, 312 (App. Div. 1997)). In Deutsche Bank Trust Co. Ams. v. Angeles, we recognized that "in foreclosure matters, equity must be applied to plaintiffs as well as defendants." 428 N.J. Super. 315, 320 (App. Div. 2012).

Applying those general principles to the matter before us, we reject defendants' contention that Judge Hodgson failed to enforce our prior opinion. To the contrary, he scrupulously followed our instructions by dismissing the foreclosure complaint on the same day we issued our prior opinion.

We likewise reject defendant's contention that Judge Hodgson erred in "accepting new evidence." Rather, we find that he acted well within his discretion in admitting the certification from a Wells Fargo officer who attested to the authenticity of the NOIs and the return receipt cards signed by defendant Raymond Herzinger. See Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383–84 (2010) ("Evidentiary decisions are reviewed under the abuse

of discretion standard because, from its genesis, the decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion.") (citing <u>Green v. N.J. Mfrs. Ins. Co.</u>, 160 N.J. 480, 492 (1999)); <u>cf.</u> <u>Hahnemann Univ. Hosp. v. Dudnick</u>, 292 N.J. Super. 11, 18 (App. Div. 1996) ("There is no reason to believe that a computerized business record is not trustworthy unless the opposing party comes forward with some evidence to question its reliability.").

We deem it particularly noteworthy that in the face of overwhelming proof, defendants' argument has changed course; they no longer contend they did not receive the foreclosure notices. We are satisfied in these circumstances that the NOIs and signed certified mail return receipt cards were properly accepted, and that they credibly—if not irrefutably—prove the defendants received proper notice of the foreclosure action in accordance with the FFA at the outset.[1]

---

[1] Defendants contend the NOIs are defective because they identified Wells Fargo only as the loan servicer and not the actual lender as required by N.J.S.A. 2A:50-56(c)(11). This contention lacks sufficient merit to warrant extensive discussion. <u>R.</u> 2:11-3(e)(1)(E). The record makes clear that plaintiff Wells Fargo is both the loan servicer and the lender, having acquired the Note and Mortgage through merger with the original lender, Wachovia Bank. We recognized in our previous opinion that by reason of this merger, plaintiff had standing to file this foreclosure action. <u>Herzinger</u>, slip op. at 16. Defendants were clearly aware that Wells Fargo was the lender, as the parties had executed a loan modification agreement in 2011.

We turn next to defendants' contention that Judge Hodgson abused his discretion by reinstating the complaint. Our prior opinion made clear that the dismissal we ordered was without prejudice. It bears repeating we reversed the trial judge's initial grant of summary judgment based solely on the service of notice deficiency. We expressly recognized that dismissal of a foreclosure complaint without prejudice "has no effect on the underlying contractual obligations of the parties and . . . does not bar reinstitution of the same claims in a later action." Herzinger, slip op. at 15 (citing EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 140 (App. Div. 2008)). We thus anticipated Wells Fargo would seek to re-initiate the foreclosure action.

We acknowledge the better practice in these circumstances would have been for Wells Fargo to file a motion to reconsider our ruling and to expand the record. Had plaintiff done so, we presumably would have remanded for the trial judge to make findings as to the bona fides of the NOIs and certified mail return receipts. See Tomaino v. Burman, 364 N.J. Super. 224, 234–45 (App. Div. 2003) (noting "'[o]ur original factfinding authority must be exercised with great frugality and in none but a clear case free of doubt.'") (quoting In re Appl'n of Boardwalk Regency Corp. for a Casino License, 180 N.J. Super. 324, 334 (App. Div. 1981)).

Considering all of the attendant circumstances, including defendants' lack of candor in litigating the NOI issue, we conclude that Judge Hodgson neither violated our order nor abused his discretion in reinstating the complaint. Applying equitable principles, we believe it would place form over substance to restart the foreclosure action anew knowing now that defendants had indeed received proper service of the bank's notice of intent to foreclose. As we have noted, "in foreclosure matters, equity must be applied to plaintiffs as well as defendants." Deutsche Bank Trust Co., 428 N.J. Super. at 320. In the same vein, "the law does not compel one to do a useless act[, and] equity follows the law." Scurry, 193 N.J. at 506 (citations omitted).

It follows that we also reject defendants' contention that Judge Hodgson erred in denying their motion to compel payment for the fair market value of the property. Defendants argue they were successful in the first appeal and it would be infeasible at this point to vacate the sheriff's sale. However, defendants' success in the first appeal must be viewed in the context of subsequent revelations. As Judge Hodgson recognized in his written opinion, the deficiency that prompted our reversal and remand has since been cured. Considering the ultimate resolution of the NOI issue, and in view of defendants' undisputed and uncured default since 2009, we hold that Judge Hodgson did not abuse his

discretion in concluding that defendants are not entitled to compensation for the full market value of the property.

We add that defendants contend that Judge Hodgson "did not advance any findings of facts or conclusions of law, or any other explanation for its decision." See Guillaume, 209 N.J. at 467 (2012) (noting "an abuse of discretion [occurs] when a decision is 'made without a rational explanation[.]'"). However, this assertion is unfounded. We note that defendants failed to include Judge Hodgson's comprehensive written opinion in their appendix provided on appeal.[2] That opinion belies defendants' claim that "[t]here is nothing in the record denying defendants' motion for compensation in this matter that confirms that the judge made an independent decision based upon an analysis of the facts and applicable law."

---

[2] We note that defendants' status as pro se litigants "in no way relieves [them] of [their] obligation to comply with the court rules." Venner v. Allstate, 306 N.J. 106, 110 (App. Div. 1997). The transcript indicates that the Judge Hodgson asked defendants to remain in the courtroom until they received a copy of his written opinion. Plaintiff thus fittingly cured defendants' omission by providing that written opinion for our review. Ibid. (citing R. 2:6-3: "[w]here an appellant has not complied with Rule 2:6-1, a respondent is to include the parts of the record necessary to complete the record.").

A-1599-19T1

Finally, we also reject defendants' contention that intervenor Buckingham Equities is not an innocent third party. In light of our holding today, the point is moot; there no longer exists any basis for relief.

To the extent we have not addressed them, any additional arguments raised by defendants lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1599-19T1